FILED

2006 OCT 13  PM 3: 22

CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAMON DE LEON-TORRES,<br><br>　　　　　　　　Petitioner,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　　Respondent. | CASE NO. 05CV2074-LAB<br>[Related Case No. 04cr2898-LAB]<br><br>**ORDER CONFIRMING DISMISSAL OF HABEAS PETITION, AND DENYING MOTION TO SET ASIDE ORDER OF DISMISSAL**<br><br>[Dkt No. 32] |

　　　　Petitioner Ramon De Leon-Torres, proceeding *pro se*, filed for 28 U.S.C. § 2255 habeas relief in A Motion To Vacate, Set Aside, Or Correct Sentence ("Petition"). He seeks a "correction" of his April 2005 sentence following his guilty plea in 04cr2898-LAB to three counts of immigration violations.[1] At the time of his plea and sentencing, he received the benefit of a negotiated plea agreement that eliminated an 8 U.S.C. § 1326 charge and recommended a 48 month sentence, instead of the statutory maximum of twenty years with an advisory guideline sentence of 77 to 96 months he

---

[1] The sequence of the charges was modified at the plea hearing to provide chronological order. "THE COURT: . . . Mr. Deleon, just to make it clear for you, in the sequence of events the information now being amended as a superseding information will charge you in Count 1 with illegal entry in January of 1999, in Count 2 with illegal entry in August of 2002, having previously committed that crime. And then Count 3, illegal entry in October of this year, having previously entered into the United States unlawfully." Dkt No. 31, Exh. 1, 5:17-24.

otherwise faced. Dkt No. 31, 6:15-18. He contends for the first time in his Petition he was in state custody on the August 1, 2002 date of one of the illegal entry offenses for which he was sentenced, making it impossible for him to have committed that crime. Claiming "actual innocence," he now seeks habeas relief to correct his sentence. He states:

> One of these [federal] counts I was already serving time in state prison from Sept. 12, 2001 to May 20, 2004 on San Luis Obispo Mens Colony and feds give me 24 months more for a il[l]egal entry that I never commit (08-01-2002) because I was i[n]car[cerated].

Pet. p. 5.

Petitioner contends he did not appeal his conviction or sentence "because being an il[l]egal I did not understand the appeal or motions or what is me[a]nt by any of this I was in state prison on one of these counts alre[a]dy," Pet. p. 5. His averment ignores his express acknowledgment on the record at his plea hearing he knew he was relinquishing, among other things, all appeal rights by pleading guilty, as explained in the written Plea Agreement he executed and on the record by the judge taking his plea. Dkt No. 31, Exh. 1, 11:2-16.

After reviewing the Petition, this court ordered the government to contact appropriate state authorities to confirm or dispel Petitioner's contention he was incarcerated in August 2002, and also to brief the narrow issue whether waiver of a claim of "actual innocence" is subsumed in connection with a plea bargain and guilty plea containing express waivers of appeal and collateral attack. Dkt No. 26. The government responded with the results of an inquiry to the State of California Department of Corrections and Rehabilitation purporting to substantiate Petitioner was not incarcerated in August 2002. Those records suggest he was on parole from about August 27, 2000 through about November 7, 2002, so that it would not have been impossible for him to have illegally reentered the United States from Mexico as charged, purportedly defeating Petitioner's "actual innocence" claim. Dkt No. 27. The government also provided authority in support of its contention Petitioner's waiver of collateral attack is valid, urging the court to find no evidentiary hearing is necessary. A section 2255 petitioner is not entitled to a hearing if the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.

By Order entered April 26, 2006, the court dismissed the 28 U.S.C. § 2255 Petition with prejudice on the strength of the government's additional briefing and Petitioner's waivers, among other

things. Dkt No. 28. The court found it unnecessary to reach the issue of any exception to waiver in instances of actual innocence on that record, noting the only exception to enforcement of a waiver in the usual circumstances is when ineffective assistance of counsel caused **the waiver itself** to be not voluntary. *See* Washington v. Lampert, 422 F.3d 864 (9th Cir. 2005), *cert. denied*, -- U.S. --, 126 S.Ct. 1778 (2006). The Petitioner does not state any ineffective assistance of counsel ("IAC") ground for relief associated with the plea agreement or the waivers. His only allusion to attorneys in his Petition appears in his explanation why he did not appeal or raise the issue: "I did not fully understand what was happening and I did not have an attorney to explain it *after I was sentenced*." Dkt No. 25, p. 6 (emphasis added). However, the critical time period for an IAC claim is *before* sentencing.

On May 15, 2006, Petitioner filed a "Response to the Government's Response to Court's Order Re Briefing." Dkt No. 29. Although he had previously referred to "state" detention, Petitioner substantiated with exhibits that he had in fact been arrested by San Bernardino County sheriffs on September 12, 2001, and remained detained until after his November 1, 2002 sentencing in connection with that arrest. He could not have committed an illegally entry into the United States in August 2002, despite his guilty plea to that crime. Petitioner's Response advanced a new theory, urging the court to find his waiver of collateral attack is invalid and to "liberally constru[e]" the Petition to "find that Petitioner is claiming **ineffective assistance of counsel in advising him to plead guilty to crime that he did not commit**." Dkt No. 29 5:1-3 (emphasis added).

By Order entered May 16, 2006, the court directed the government to substantiate definitively, with competent evidence, the meaning of its prior exhibits with respect to Petitioner's custody status in August 2002, and to respond to Petitioner's Response to the Government's Response. Dkt No. 30. The court indicated it would thereafter issue an Order confirming dismissal of the 28 U.S.C. § 2255 Petition or reopening the matter.

The government's May 31, 2006 response reports the results of its additional investigation. The government now concedes and stipulates: "Petitioner was in custody at the San Bernardino County

Jail from September 12, 2001 through November 7, 2002."[2] Dkt No. 31 1:18-20, 3:21-27. The government nevertheless contends dismissal of the Petition with prejudice is still appropriate on grounds: (1) Petitioner cannot satisfy the "actual innocence" test because he cannot show he is innocent of both the charged offense (*i.e.*, illegal entry in violation of 8 U.S.C. § 1325) as well as the more serious offense that the government agreed not to charge as part of the plea agreement (*i.e.*, 8 U.S.C. § 1326); and (2) he cannot satisfy the "miscarriage of justice" test because he cannot show his trial attorney provided ineffective assistance of counsel in securing a 48-month sentence rather than the 77 to 96 month sentence Petitioner faced if he was convicted of the re-entry charge the government dismissed as part of the plea bargain.

On June 2, 2006, Petitioner filed a document entitled Motion To Set Aside Order Of Dismissal, with an attached Response To Government's Response To Court's Order Re Briefing. Dkt No. 32. He reiterates his contentions: he could not have committed the August 2002 crime to which he pled guilty; his waiver of collateral attack is purportedly invalid and unenforceable based on IAC of his counsel in "erroneously advis[ing] Petitioner to plead guilty to a crime he never committed" (Response 3:8-9), assuming the court reads into his habeas Petition an unstated IAC claim; whether "actual innocence" is subsumed in a plea agreement and guilty plea; and his renewed assertion of entitlement to an evidentiary hearing. Dkt No. 32.

The court construes the government's most recent additional briefing as its points and authorities addressing the questions whether Petitioner should be permitted to pursue habeas relief in these circumstances and whether he is entitled to relief on the merits. The court construes Petitioner's motion to set aside the Order of Dismissal and his Response to Government's Response as his responsive points and authorities on the merits of those questions. The court finds an evidentiary hearing is not necessary to resolve the legal issues presented, now that the factual basis of Petitioner's "actual innocence" claim is established. After review of the facts and circumstances of this case, in consideration of pertinent authority, and for the reasons discussed below, the court **CONFIRMS** its prior dismissal of the habeas Petition.

---

[2] The government characterizes Petitioner's agreement that he violated 8 U.S.C. § 1325 in August 2002 as perjury for stating under oath that he unlawfully entered or attempted to enter the United States from Mexico. Dkt No. 31 4:5-8, 8:25-9:1.

1    The fact that Petitioner could not have violated 8 U.S.C. § 1325 in August 2002, the date
2 charged in one of the three counts of the superseding Information, is now undisputed. Petitioner had
3 stated under oath at his disposition hearing in December 2004 he unlawfully entered or attempted to
4 enter the United States from Mexico on three specific occasions, including one date in August 2002.
5 Dkt No. 31, Exh. 1, pp. 12-14. Knowledge of his own incarceration status in August 2002 must be
6 imputed to Petitioner at the time of his guilty plea. Similarly, the plea colloquy demonstrates
7 Petitioner voluntarily chose to accept the negotiated consequences of his plea to all the charged
8 offenses, including waiver of appeal or collateral attack on his conviction or sentence. Dkt No. 31,
9 Exh. 1; see also Dkt No. 31, Exh. 2, "Plea Agreement" executed by Petitioner, at paragraph 9 (stating
10 an express waiver of appeal and collateral attack so long as his actual sentence did not exceed the
11 recited maximum). "[A] voluntary and intelligent plea of guilty made by an accused person, who has
12 been advised by competent counsel, may not be collaterally attacked." Bousley v. United States, 523
13 U.S. 614, 622 (1998), *quoting* Mabry v. Johnson, 467 U.S. 504, 508 (1984). "And even the
14 voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first
15 challenged on direct review." Id. When a defendant has procedurally defaulted a claim by failing to
16 raise it on direct review, as here, the claim may be raised in a habeas petition only if the defendant can
17 first demonstrate either cause and actual prejudice or actual innocence. Bousley, 523 U.S. at 622. The
18 court finds Petitioner makes no "cause and actual prejudice" showing.

19    The Supreme Court recently discussed the "actual innocence" gateway of Schlup v. Delo, 513
20 U.S. 298 (1995). In House v. Bell, -- U.S. --, 126 S.Ct. 2064 (2006), the Court reaffirmed the Schlup
21 rule that "prisoners asserting innocence as a gateway to defaulted claims must establish that, in light
22 of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty
23 beyond a reasonable doubt.'" House, 126 S.Ct. at 2076-77, *quoting* Schlup, 513 U.S. at 327. "This
24 formulation, Schlup explains, 'ensures that petitioner's case is truly "extraordinary," while still
25 providing petitioner a meaningful avenue by which to avoid manifest injustice.'" Id. at 2077, *quoting*
26 Schlup, 513 U.S. at 327; *see also* McCleskey v. Zant, 499 U.S. 467, 494 (1991). On the facts of this
27 case, however, Petitioner can argue neither "new evidence" (since he indisputably knew he was
28

1  incarcerated at the time of his charged August 2002 illegal reentry)³ nor a "miscarriage of justice" in
2  his conviction or sentencing, since he pled guilty to an 8 U.S.C. § 1325 offense under the bargained
3  agreement for the 48-month sentence he received in exchange for the dropping of the more serious 8
4  U.S.C. § 1326 offense and a significant drop in his sentencing exposure. "[W]here the Government
5  has foregone more serious charges in the course of plea bargaining, petitioner's showing of actual
6  innocence must also extend to those charges." Bousley, 523 U.S. at 624; see also Jaramillo v. Stewart,
7  340 F.3d 877, 882 (9th Cir. 2003) (same). Petitioner has not attempted to show factual innocence of
8  the more serious charges his plea bargain eliminated.

9        Based on Petitioner's failure to establish a constitutional error in his plea, or that such an error
10 "has probably resulted in the conviction of one who is actually innocent" (Bousley, 523 U.S. at 623
11 (citation omitted)) of the more serious crime the government dismissed, he is entitled to no habeas
12 relief. Petitioner does not contest the strength of the government's proof of his guilt under 8 U.S.C.
13 § 1326 on each element of that offense, even excluding consideration of an alleged illegal entry in
14 August 2002: (1) defendant is an alien (2) who was deported from the United States, and (3) who was
15 thereafter found in the United States without consent of the proper authorities. On that basis,
16 Petitioner is not entitled to habeas relief, irrespective of his "actual innocence" of the particular
17 8 U.S.C. § 1325 offense alleged to have occurred in August 2002.⁴

18       Petitioner urges the court to bootstrap his actual innocence claim in his Petition into an IAC
19 allegation as the tacit reason he pled guilty to one of the lesser offenses, despite the sentencing benefit
20 he received from dismissal of a more serious offense and despite the demonstrable voluntariness of
21 his plea. He identifies the purported IAC as "advising [Petitioner] to plead guilty to [a] crime that he
22 did not commit." Pet. Resp. p. 5. Even were the court to reach that unstated issue, Petitioner does not

---

³ If he were to pretend he did not know where he was in August 2002, he must not have informed his attorney he was in jail at that time, precluding the premise of his purported IAC claim.

⁴ "In this case, Petitioner was found in the United States, within the Southern District of California, near a café in Dulzura, California on October 9, 2004. . . . During a consensual encounter, and then again after waiving his Fifth Amendment rights, Petitioner admitted being a citizen of Mexico without any immigration documents that would allow him to enter or remain in the United States. . . . A records search revealed an extensive immigration and criminal record, including a prior deportation on May 19, 2004. . . ." Add'l Briefing 7:1-7, with citations to supporting documentation provided as exhibits and citing Dejan v. United States, 208 F.3d 682, 686-87 (8th Cir. 2000) (denying relief when petitioner showed innocence on count of conviction but not offense that was dismissed).

demonstrate entitlement to relief on that theory. "[A] defendant who pleads guilty upon the advice of counsel may attack *the voluntary and intelligent character of the guilty plea* by showing that the advice he received from counsel was not within the range of competence demanded of attorneys in criminal cases." Washington, 422 F.3d at 872-73 (emphasis added), *citing* Hill v. Lockhart, 474 U.S. 52, 58 (1985) (holding the Strickland test for evaluating IAC claims applies to guilty plea challenges based on ineffective assistance of counsel). To prevail on such a claim, Petitioner would have to show: "(1) counsel's representation fell below the range of competence demanded of attorneys in criminal cases, and (2) 'there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" Washington, 422 F.3d at 873, *quoting* Hill, 474 U.S. at (106 S.Ct at 366). This Petitioner attempts no such demonstration.

In summary, Petitioner raised no IAC claim. He does not assert he would have insisted on going to trial but for counsel's "error." He does not claim actual innocence of a violation of 8 U.S.C. § 1326, the more serious offense dismissed as part of his plea bargain. He thereby avoided exposure to a greater penalty. The court imputes to Petitioner full knowledge of the facts of his incarceration history and finds he had every opportunity to decline the plea agreement on that basis or on any other. He does not demonstrate his waiver of appeal or collateral attack on his sentence was unknowing or involuntary. It cannot be said on this record Petitioner was prejudiced by his attorney's conduct, or that he is otherwise entitled to a sentence adjustment through habeas relief.

For all the foregoing reasons, **IT IS HEREBY ORDERED** the court's prior Order of dismissal is **CONFIRMED**, and the case is dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: 10-12-06

*Larry A. Burns*

**HONORABLE LARRY ALAN BURNS**
United States District Judge

cc:   PETITIONER, *PRO SE*
      ALL COUNSEL OF RECORD